UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVICIA LOUSHONNA SWIFT,

        Petitioner,                    Civil No. 20-cv-12306
                                                   Hon. Matthew F. Leitman

v.

JEREMY HOWARD,

        Respondent.
_____/

**ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 10),
(2) DENYING PETITION FOR WRIT OF HABEAS
CORPUS (ECF No. 1), (3) DENYING A CERTIFICATE OF
APPEALABILITY, AND (4) DENYING PERMISSION TO APPEAL IN
FORMA PAUPERIS**

In 2018, Petitioner Davicia Loushonna Swift pleaded no contest in the Oakland County Circuit Court to two counts of armed robbery and one count of bank robbery. The state trial court then sentenced Swift to concurrent terms of 11 years, 3 months to 30 years on each of her convictions.[1] (*See* 6-28-2017 Sentencing Hr'g Tr., ECF No. 9-3.) Swift is now a state inmate in the custody of the Michigan Department of Corrections.

---

[1] The Court previously explained the background of Swift's convictions and sentence in its July 11, 2023, order to show cause. (*See* Order, ECF No. 10, PageID.317-318.) The Court incorporates that background here.

On October 18, 2020, Swift filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  In the petition, Swift seeks relief only from her two armed robbery convictions. (*See id.*)  She does not seek relief from her separate bank robbery conviction. (*See id.*)

In response to the petition, Respondent argued that the Court should dismiss Swift's petition under what is known as the "concurrent sentence doctrine." (*See* Resp. to Pet., ECF No. 8.)  Under that discretionary doctrine, a "court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction" and there are no adverse collateral consequences if the challenged convictions stand. *Groves v. Meko*, 516 F. App'x 507, 508 (6th Cir. 2013) (quoting *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989)).  "Adverse consequences that will prevent a court from applying the doctrine include: an effect on parole or a potential pardon, the existence of state recidivist statutes, the possibility of impeachment at a future trial, the potential for use as evidence of a prior bad act, and possible stigma." *United States v. Overmyer*, 834 F. App'x 175, 177-78 (6th Cir. 2020) (internal citation and quotation marks omitted). *See also United States v. Brown*, 2022 WL 2135265, at *2 (6th Cir. 2022).

After the Court reviewed Respondent's arguments, the Court concluded that it appeared appropriate to invoke the concurrent sentence doctrine as a bar to Swift's claims here.  However, the Court further concluded that before denying Swift's petition based upon that doctrine, it would provide Swift the opportunity to explain why the concurrent sentence doctrine may not apply in this case and to identify any adverse collateral consequences that she faced from her convictions.

Accordingly, on July 11, 2023, the Court issued an order to show cause where it ordered Swift, by no later than September 1, 2023, to (1) explain why the Court should not invoke the concurrent sentence doctrine and (2) identify any adverse collateral consequences that she would face if the Court declined to grant her relief from her two armed robbery convictions. (*See* Order, ECF No. 10, PageID.320.) Swift never responded to Court's order to show cause.  Nor has she contacted the Court to seek additional time to file a response.

For all of the reasons explained in the show cause order, the Court concludes that the concurrent sentence doctrine precludes relief here.  In the petition, Swift seeks relief only from her two armed robbery convictions.  But the state trial court also sentenced Swift to an identical concurrent sentence of 11 years, 3 months to 30 years on her bank robbery conviction.  In addition, Swift also pleaded no contest to one count of bank robbery and two counts of armed robbery in a second case, and she was sentenced to the same term of imprisonment – 11 years, 3 months to 30

years for each of those convictions – that she received in the criminal case underlying the petition. *See People v. Swift,* No. 2018-266794-FC (Oakland Co. Cir. Ct.).  Thus, even if the Court granted Swift all of the relief that she seeks here, she would still be subject to the same sentence to which she is subject now.  And Swift has not identified any other collateral consequences that she would face if the Court left intact her two armed robbery convictions.  Under these circumstances, the Court concludes that it is appropriate to apply the concurrent sentence doctrine and deny relief.  Swift's petition is therefore **DENIED**.

Federal Rule 22 of Appellate Procedure provides that an appeal may not proceed unless the Court issues a certificate of appealability under 28 U.S.C. § 2253. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, only if the petitioner shows that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not debate the Court's denial of Swift's petition. Thus, the Court **DENIES** Swift a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 483-84.  The Court also **DENIES** Swift leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a).

Accordingly, for all the reasons stated above, the Court (1) **VACATES** its July 11, 2023, order to show cause (ECF No. 10), (2) **DENIES WITH PREJUDICE** Swift's petition for a writ of habeas corpus (ECF No. 1); (3) **DENIES** Swift a certificate of appealability; and (4) **DENIES** Swift permission to appeal *in forma pauperis.*

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126